UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY VALENTI, INC., | Civ. No.:  18-cv-01575-FB-RML |
| Plaintiff, | |
| - against - | **ANSWER** |
| CITIBANK, N.A., | |
| Defendant. | |

Defendant Citibank, N.A. by its attorneys, Zeichner Ellman & Krause LLP, answers the complaint, upon information and belief, as follows:

1.     It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 7 through 11, 13 through 16, 19 through 24, 40, 63 and 64 and refers all questions of law to the Court.

2.     It denies each and every allegation contained in paragraph 2, except Citibank is a national banking association organized under the laws of the United States of America with a main office, as set forth in its articles of association, in Sioux Falls, South Dakota.

3.     It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 5 and 36 except refers the Court to the applicable account documents for their contents.

4.     It denies each and every allegation contained in paragraphs 6, 12, 17, 18, 25 through 27, 30, 33, 35, 41 through 45, 47 through 50, 52 through 56, 58

961709

through 61, 65, 66, 68 through 71, 74, 75, and 77 through 80 and refers all questions of law to the Court.

5.     It denies each and every allegation contained in paragraphs 28, 31, 32, 34 and 37, except refers the Court to the referenced documents for their contents.

6.     It denies each and every allegation in paragraphs 29 and 39, except refers to the referenced documents for their contents and refers all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

7.     The complaint fails to state a cause of action for Breach of Contract against Citibank.

## SECOND AFFIRMATIVE DEFENSE

8.     The complaint fails to state a cause of action for Breach of Implied Covenant of Good Faith and Fair Dealing against Citibank.

## THIRD AFFIRMATIVE DEFENSE

9.     The complaint fails to state a cause of action for Negligence against Citibank.

## FOURTH AFFIRMATIVE DEFENSE

10.     The complaint fails to state a cause of action for Unauthorized Transfers Under UCC § 4-A against Citibank.

## FIFTH AFFIRMATIVE DEFENSE

11.     The complaint fails to state a cause of action for Conversion of Instrument Under UCC § 3-419 against Citibank.

## SIXTH AFFIRMATIVE DEFENSE

12.     The complaint fails to state a cause of action for Breach of Duty of Good Faith and Fair Dealing Under UCC Article 3 against Citibank.

## SEVENTH AFFIRMATIVE DEFENSE

13.     The complaint fails to state a cause of action for Payments Not Properly Payable Under UCC § 4-401 against Citibank.

## EIGHTH AFFIRMATIVE DEFENSE

14.     The complaint fails to state a cause of action for Lack of Ordinary Care Under UCC Article 4 against Citibank.

## NINTH AFFIRMATIVE DEFENSE

15.     Plaintiff is precluded from maintaining this action by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

16.     The causes of action asserted in the complaint may not be maintained against Citibank because of plaintiff's failure to give the bank appropriate and timely notice pursuant to the governing customer agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

17.     Plaintiff may not maintain this action pursuant to agreement between plaintiff and Citibank.

## TWELFTH AFFIRMATIVE DEFENSE

18.     Plaintiff is precluded from maintaining this action in whole or in part by reason of UCC § 3-404.

## THIRTEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff is precluded from maintaining this action in whole or in part by reason of UCC § 3-405.

## FOURTEENTH AFFIRMATIVE DEFENSE

20.     Plaintiff is precluded from maintaining this action in whole or in part by reason of UCC § 3-406.

## FIFTEENTH AFFIRMATIVE DEFENSE

21.     Plaintiff is precluded from maintaining this action in whole or in part by reason of UCC § 4-406.

## SIXTEENTH AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred by the doctrines of ratification, laches, estoppel and/or waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

23.     Citibank has defenses founded upon documentary evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

24.     If plaintiff suffered any losses, they resulted from its failure to review and to exercise care, control, and/or supervision of its employee Dimidok.

## NINETEENTH AFFIRMATIVE DEFENSE

25.     If plaintiff suffered any losses, they resulted from its failure to review and to exercise care, control, and/or supervision of its checks and business checking records.

## TWENTIETH AFFIRMATIVE DEFENSE

26.     Any damages allegedly suffered by plaintiff were caused, in whole or in part by superseding and/or intervening acts of plaintiff, plaintiff's employee Dimidok and/or others than Citibank.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

27.     Citibank acted in good faith and in accordance with the reasonable commercial standards of its business.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

28.     Plaintiff has not suffered any damages as a result of any alleged conduct of Citibank.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

29.     To the extent plaintiff had a policy of insurance covering any losses referred to in the Complaint, plaintiff is precluded from recovery of such funds from Citibank.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

30.     To the extent plaintiff has obtained or obtains restitution or other payment from anyone concerning the allegations made in the complaint, Citibank is entitled to an offset in like amount against claims made against it in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

31.     If the damages allegedly sustained by plaintiff occurred at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of plaintiff, and if any damages are recoverable against Citibank, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

32.      Plaintiff is precluded from recovery by reason of its failure to mitigate its damages, if any.

**WHEREFORE,** defendant Citibank, N.A. demands judgment as follows:

1.      dismissing the complaint in all respects;

2.      against plaintiff, for the costs and disbursements of this action; and

3.      such other and further relief as this Court deems just and proper.

Dated:      New York, New York
             May 24, 2018

                                          ZEICHNER ELLMAN & KRAUSE LLP

                                          By: _____
                                          Barry J. Glickman
                                          Anthony I. Giacobbe, Jr.
                                          Attorneys for Defendant
                                            Citibank, N.A.
                                          1211 Avenue of the Americas
                                          New York, New York  10036
                                          (212) 223-0400


TO:     ECKERT SEAMANS CHERIN & MELLOTT, LLC
        Kelly Robreno Koster
        Sarah H. Morrissey
        Attorneys for Plaintiff
          Gary Valenti, Inc.
        10 Bank Street, Suite 700
        White Plains, New York  10606
        (914) 949-2909