ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

DIRECT DIAL
(212) 826-5348
Agiacobbe@zeklaw.com

WWW.ZEKLAW.COM

November 8, 2018

**BY ECF**

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Gary Valenti, Inc. v. Citibank, N.A.**
        **Civ. No.: 18-cv-01575 (FB) (RML)**

        Request for Pre-Motion Conference

Dear Judge Block:

        We are counsel to defendant Citibank, N.A. in the referenced matter. We write pursuant to Rule 2A of this Court's Individual Motion Practices and Rules and consistent with the Text Order of Magistrate Judge Levy dated July 27, 2018 by which he directs that "[a]ny party that believes discovery is not necessary is free to write a pre-motion conference letter to Judge Block pursuant to his rules."

        For the reasons set forth below, Citibank respectfully requests a pre-motion conference. Specifically, Citibank seeks leave to make a motion for summary judgment dismissing plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 56 and further requests that discovery be stayed pending the determination of Citibank's motion.

### RELEVANT FACTS

        This is a classic dishonest bookkeeper case in which plaintiff claims "a loss of at least $81,927.35." By its complaint, plaintiff alleges that between approximately May 9, 2016 and January 30, 2017 its bookkeeper, Dawn Dimidok, "stole approximately eighty (80) blank checks from the Citibank business checking account… and made the checks payable to herself" by forging the signature of plaintiff's president. The complaint alleges that plaintiff entrusted Dimidok with its "company billing records and financial instruments, including, but not limited to, Gary Valenti, Inc. company

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Frederic Block
November 8, 2018
Page 2

checks and customer checks." Significantly, though plaintiff alleges that the forgeries began in May 2016, it admits that its president failed to report any of them to Citibank until February 24, 2017.

## CITIBANK IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

N.Y. U.C.C. § 4-406 (1) provides that when a bank sends statements and check copies to its customer, the customer has a legal obligation to promptly review them and to similarly promptly report any unauthorized transactions to the bank. When the customer fails to satisfy these requirements and, as here, a claim involves allegations of multiple checks containing the same forged maker's signature, § 4-406 (2)(b), the "Repeater Rule," absolves a bank from responsibility for any check drawn by the same forger after the first such allegedly unauthorized check was reported on a statement that was available to the customer for "a reasonable period not exceeding fourteen calendar days " Plaintiff waited in excess of eight months.

The rationale behind the Repeater Rule is that a customer who timely examines its bank statements is in the best position to prevent an alleged fraud from continuing. See N.Y. UCC § 4-406, Comment 3 ("one of the best ways to keep down losses in this type of situation is for the customer to promptly examine his statement and notify the bank of an unauthorized signature . . . so that the bank will be alerted to stop payment of further items.").[1] See Putnam Rolling Ladder Co. v. Mfrs. Hanover Trust Co., 74 N.Y.2d 340, 345, 547 N.Y.S.2d 611, 613 (1989) ("a skillful forgery may not be detected by even a careful bank inspector, but the customer to whom the canceled check and statement are returned should know whether or not it actually intended to authorize payment of its funds to the named payee.") This is the reason that the UCC precludes liability pursuant to the provisions of the Repeater Rule.

---

[1] See also Five Towns College v. Citibank, N.A., 108 A.D.2d 420, 430, 489 N.Y.S.2d 338, 345 (2d Dep't 1985) ("where, as in the case at bar, an unauthorized signature is in issue, the customer may still be precluded from recovering against his bank on those items whose payment could have been prevented had he acted reasonably in examining his bank statement and canceled checks"); Simcoe & Erie Gen'l Ins. Co. v. Chemical Bank, 770 F. Supp. 149, 152 (S.D.N.Y. 1991) ("Courts have upheld the failure to meet the fourteen day notification requirement imposed under § 4-406 as a basis for a grant of summary judgment in favor of the bank"); Zambia Nat'l Commercial Bank v. Fid. Int'l Bank, 855 F. Supp. 1377, 1391 (S.D.N.Y. 1994) ("This rule comports with the principle that liability should rest on the party with superior access to the material facts, who is better situated to prevent repetition of the forgery."); J. Sussman, Inc. v. Mfrs. Hanover Trust Co., 140 A.D.2d 668, 529 N.Y.S.2d 327 (2nd Dep't 1988); Catalano v. Marine Midland Bank, 303 A.D.2d 617, 618, 757 N.Y.S.2d 770 (2nd Dep't 1988); (Galasso, Langione & Botter, LLP v. Galasso, 53 Misc. 3d 1202[A], 2016 N.Y. Misc. LEXIS 3312, at *74-77 (Nassau Cnty. S. Ct. Sept. 19, 2016) ("the 'repeater rule' set forth in UCC 4-406(2)(b) would bar the Firm's remaining claims (those within the 14-day repose period) for Anthony's repeated forgeries").

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Frederic Block
November 8, 2018
Page 3

Next, N.Y. U.C.C. § 4-406 (4) provides an absolute deadline of one-year for a customer to report a check containing an allegedly unauthorized signature. As a matter of law, if a customer does not report the unauthorized checks within this prescribed period, the bank has no liability. Courts in New York have upheld contractual agreements between a bank and its customer to shorten that deadline. See Clemente Bros. Contracting Corp. v. Hafner-Milazzo, 23 N.Y.3d 277, 991 N.Y.S.2d 14 (2014) (affirming a 14-day limitation period against bank's customer). Here, the deposit agreement that forms the contract between Citibank and plaintiff explicitly states that plaintiff was required to report the alleged forgeries not later than 30 days after the bank statement containing the first forged check was sent or made available to plaintiff. Again, plaintiff admits it delayed approximately eight months after the May 2016 statement was available to make a written report to Citibank. It is indisputable that such reporting was untimely as a matter of law.

As a matter of law, the interplay between the 30-day notice requirement and the Repeater Rule bars plaintiff's claims to all of the checks for which it seeks to recover in this case because, as stated above, a customer who fails to examine bank statements and report unauthorized checks promptly has no claim against its bank, regardless of the reason for such failure. Accordingly, summary judgment dismissing the claims is appropriate.

For the foregoing reasons, Citibank respectfully requests that the Court either schedule a pre-motion conference or grant Citibank leave to make a motion for summary judgment. Citibank further requests that the Court stay discovery pending the determination of Citibank's motion. This letter is written without prejudice to Citibank's rights and defenses, all of which are specifically reserved.

Respectfully submitted,

Anthony I. Giacobbe, Jr.

AIG:akc

cc: Sarah H. Morrissey, Esq.