

**Eckert Seamans Cherin & Mellott, LLC**
10 Bank Street
Suite 700
White Plains, NY 10606

TEL 914 949 2909
FAX 914 949 5424
www.eckertseamans.com

Sarah H. Morrissey
Direct Dial: (914) 286-2801
smorrissey@eckertseamans.com

November 15, 2018

<u>Via ECF</u>
Honorable Frederic Block
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Gary Valenti, Inc. v. Citibank, N.A.</u>
            <u>Civil Action No. 18-cv-1575-FB-RML</u>

Dear Judge Block:

      We represent Plaintiff Gary Valenti, Inc. ("Valenti") in the above-referenced matter. We respectfully oppose Defendant Citibank, N.A.'s ("Citibank's") request for a stay of discovery.

      Pursuant to the text order of Magistrate Judge Levy dated July 27, 2018 ("July 27th Order"), Valenti served discovery demands on Citibank on October 10, 2018 and is presently awaiting responses. Citibank requested, and was granted, an extension of time to respond to discovery. We have requested responses by November 30, 2018. Pursuant to Local Rule 37.3 we will confer with Citibank's counsel to resolve any issues before seeking Court intervention.

      Further, summary judgment is not warranted because there are factual issues regarding whether Citibank followed reasonable commercial standards in paying the forged checks. The signatures on the forged checks bore no resemblance to Ms. Valenti's true signature. Without discovery, we do not know what Citibank's procedures were, and it is a factual issue whether or not Citibank followed these procedures.

### RELEVANT FACTS

      This action arises from Citibank's repeated failure to detect numerous forged checks that resulted in a loss of at least $81,927.35 to Gary Valenti, Inc. due to Citibank's negligence. Between approximately May 9, 2016 and January 30, 2017, Dawn Dimidok, the former bookkeeper of Gary Valenti Inc., stole funds from her employer Gary Valenti, Inc.'s Citibank business checking account.

      Ms. Dimidok stole approximately eighty (80) blank checks from the Citibank business checking account in the name of Gary Valenti, Inc., and made the checks payable to herself before negotiating said checks against her own personal accounts held with TD Bank. Ms. Dimidok forged the signature of Grace Valenti, President of Gary Valenti, Inc., on the Citibank business

checking account checks, and Citibank paid out numerous forged checks despite the fact that the signatures on those checks bore no resemblance to Ms. Valenti's true signature.

During the time this theft was taking place, Ms. Valenti's parents were suffering from serious health issues, and Ms. Valenti entrusted Ms. Dimidok with the books and records of Gary Valenti, Inc. After Ms. Valenti's father passed away, and while her mother was still suffering from serious health issues, Ms. Valenti resumed her normal operation of the business. Ms. Valenti discovered the forged checks on February 3, 2017 when she believed that her account balance was incorrect and investigated the discrepancy.

Ms. Valenti promptly reported the forged checks to Citibank on February 24, 2017. As a result of Citibank's negligence, Gary Valenti, Inc. suffered losses in the amount of at least $81,927.35 for transactions posted between May 9, 2016 and January 30, 2017. Citibank has denied Plaintiff's claim and appeal for reimbursement even though it is undisputed that Citibank paid forged checks out of Plaintiff's account without authorization.

Gary Valenti, Inc.'s losses reported to Citibank for the fraud claim all fell within the one-year reporting period for unauthorized signatures specified in Section § 4-406 of the New York Uniform Commercial Code (hereinafter "UCC").

## FACTUAL ISSUES PRECLUDE SUMMARY JUDGMENT FOR CITIBANK

Given the factual issues of negligence on Citibank's part, summary judgment is not warranted. Under New York UCC 4-103(3),

> "the loss of repeated forgeries may be shifted back to the bank in the circumstance where the bank failed to use ordinary care in paying the forged checks. With regard to the issue of ordinary care, UCC 4–103(3) provides that 'in the absence of special instructions, action or non-action consistent with clearing house rules and the like or with a general banking usage not disapproved by this Article, prima facie constitutes the exercise of ordinary care.' Thus, under this 'safe harbor' provision, a bank can ensure that its conduct at least prima facie meets an ordinary care standard, by showing that it acted in accordance with general banking rules or practices. However, it is the bank, as the party that benefits from the 'safe harbor' provision, that bears the burden of proving general clearing house rules or general banking usage in order to establish ordinary care. Here, in moving for summary judgment, Capital One established, and it is not disputed by the plaintiff, that the plaintiff failed to exercise reasonable care and promptness to examine its bank statements and to timely notify the bank of the checks allegedly forged by Estrada. However, Capital One did not meet its burden of showing that it acted in accordance with general banking rules or general clearing house rules, and therefore, it failed to demonstrate prima facie that it exercised ordinary care in paying the forged checks."

*Redgrave Elec. Maintenance, Inc. v. Capital One, N.A.*, 161 A.D.3d 801, 802-03 (2d Dep't 2018). *See also 2006 Calandra Irrevocable Tr. v Signature Bank Corp.*, 2010 WL 5174331, at *2

Hon. Frederic Block<br>
November 15, 2018<br>
- Page 3 –

(S.D.N.Y. Dec. 13, 2010) (There is an exception [under NY UCC § 4–406(3) where "the customer establishes lack of ordinary care on the part of the bank in paying the item(s).").

Given that no discovery responses have been served, there is a factual issue as to whether Citibank can demonstrate that it followed reasonable commercial standards. *See, e.g., Royal Ins. Co. of Am. V. Citibank, N.A.*, 306 A.D.2d 158, 159 (1st Dep't 2003) ("Defendant, in opposition to summary judgment, relied on UCC 3-406, alleging that plaintiff's assignor's negligence substantially contributed to the forgery. This purported defense is unavailing since, even if true, the defendant bank utterly failed to show that there was no contributory negligence on its part and that it exercised reasonable commercial standards in verifying signatures on the checks presented to it for payment…Failure to demonstrate its observance of reasonable commercial standards in such circumstances places liability squarely with the bank.") (internal citations and quotations omitted). Should the Court grant Citibank's request for a pre-motion Conference, we will oppose Citibank's Motion for Summary Judgment.

This letter is written without prejudice to Valenti's rights and defenses, all of which are specifically reserved.

Thank you for your kind attention to this matter.

Respectfully submitted,

*/s/ Sarah H. Morrissey*

Sarah H. Morrissey, Esq.


cc: Anthony Giacobbe, Esq. (Via ECF)
    *Attorney for Citibank, N.A.*

{V0456411.1}